## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

FULL SAIL, INC.
a Florida corporation,                                                  Case No.: _____

       Plaintiff,

v.

JOHN DOES No. 1-10,

       Defendants.

_____/

## COMPLAINT

Plaintiff, FULL SAIL, INC. ("Full Sail"), hereby sues Defendants, JOHN DOES No. 1-10 ("Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.     In this action, Full Sail seeks injunctive and monetary relief for (a) acts of defamation, and (b) unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*.

## PARTIES

2.     Full Sail is a Florida corporation with its principal place of business in Winter Park, located in Orange County, Florida.

3.     Defendants are individuals whose identity and residence are unknown to Full Sail.

4.     Full Sail is currently unaware of the true names and addresses of the John Doe Defendants because one or more of said Defendants published false and

defamatory statements over the internet without identifying themselves and Full Sail has been otherwise unable to obtain the identity of said Defendants absent a subpoena.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action because it presents a federal question under Section 43 of the Lanham Act. *See* 28 U.S.C. § 1331.

6.      This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332, upon information and belief. Full Sail seeks more than $75,000.00 in monetary damages, as well as injunctive relief, and upon information and belief, Defendants are not domiciled in Florida. Defendants used the privacy service provided by the domain name registrar it used to register the domain name where the false and defamatory website is posted in order to conceal their identities.

7.      This Court has supplemental jurisdiction over Full Sail's state law claim under 28 U.S.C. § 1367(a).

8.      This Court has personal jurisdiction over Defendants because Defendants committed tortious acts within the State, causing damage to Full Sail in this State and district. Namely, Defendants published false and defamatory statements concerning Full Sail over the internet and within this district, and engaged in unfair trade practices in violation of the Lanham Act that were directed to this State and judicial district, and that caused injury within this State and judicial district, *see* § 48.193(1)(a)(2), *Florida Statutes*.

9.      Personal jurisdiction over Defendants complies with Constitutional requirements because Defendants' website is accessible in Florida and was viewed by

Florida residents, Defendants knowingly directed their activity at Full Sail and other Florida residents, and the brunt of the injury is felt by Full Sail, which is located in Florida. *See Calder v. Jones*, 465 U.S. 783 (1984).

10.    Venue is proper in this Court because a substantial portion of the events giving rise to this action occurred in this district, where Full Sail maintains its principal place of business, where publication of the statements at issue took place, where the unfair trade practices were targeted, and where Full Sail suffered damages from Defendants' actions, *see* 28 U.S.C. § 1391(b)(2). Venue is also proper in this district because Defendants are subject to the Court's personal jurisdiction over this action, *see* 28 U.S.C. § 1391(b)(3).

## FACTUAL ALLEGATIONS

11.    Full Sail is an accredited educational institution offering multiple degree programs in entertainment and media-related fields. Full Sail attracts and graduates students from all fifty states and throughout the world, due to its excellent reputation, facilities, and extensive classes and programs. Full Sail's consistent efforts have generated valuable goodwill and a stellar reputation, enabling it to attract and graduate thousands of students every year.

12.    Defendants anonymously published over the internet, to millions of third parties worldwide, including Florida residents and residents of this district, false and defamatory statements of and concerning Full Sail. These statements are reflected in Defendants' article, "Overview of the Full Sail University Class Action Lawsuit," attached hereto as **Exhibit "A."**

3

13.    Defendants have published several false statements about Full Sail over the internet, rendering the recitation of each and every false statement impractical and redundant. Accordingly, the following is a sample of the many false and defamatory statements published by Defendants (the following statements shall be referred to herein as the "False and Defamatory Statements"):

(a)    "On October 10, 2017, a class-action lawsuit was filed against Full Sail University."

(b)    "The students allege that Full Sail University engaged in widespread fraud and false advertising practices."

(c)    "They claim that the school promised them an education they never received and that they are now burdened with tens of thousands of dollars in student loans."

(d)    "In early January 2018, a class-action lawsuit was filed against Full Sail University."

(e)    "The lawsuit alleges that Full Sail University violated consumer protection laws by misleading students about their degree programs."

(f)    "Specifically, the lawsuit claims that Full Sail University falsely claimed that their degree programs were accredited and that employers would recognize their degrees."

(g)    "This lawsuit has been ongoing for years, with multiple settlement agreements being proposed but ultimately rejected by the court."

(h)    "This is not the first time Full Sail University has been accused of fraud."

(i)    "In 2015, the school was sued by a group of students who claimed that they were lied to about the quality of the education they would receive."

14.    The False and Defamatory Statements are defamatory in that they directly state or strongly imply that Full Sail has been involved in multiple litigations

involving allegations claiming purported fraud and false advertising. In fact, Full Sail has never been involved in any such lawsuit, nor does it engage in "fraud" or "false advertising."

15.    The False and Defamatory Statements were published on Defendants' website, studentloansolved.com (the "Deceptive Website"). The Deceptive Website purports to be a source of information and news about student loan forgiveness, debt consolidation, financial advice, cryptocurrency, and similar topics. But this is not the case at least with respect to Full Sail.

16.    On information and belief, the False and Defamatory Statements were published on Defendants' Deceptive Website for the purpose of increasing traffic to the Deceptive Website, which would enable Defendants to generate increased advertising revenue from third parties on their Website.

17.    Defendants published the False and Deceptive Statements on the internet, to be viewed by countless consumers, including Full Sail's current and prospective students, graduates, faculty and staff, as well as by Full Sail's competitors.

18.    Defendants' posting of the False and Defamatory Statements on the Deceptive Website has resulted in widespread dissemination of false and misleading information about Full Sail to current and prospective students, graduates, faculty, and staff, and the Statements are likely to influence current and potential students, faculty, and staff to reconsider or terminate their relationships with Full Sail.

19.    When Defendants published the False and Defamatory Statements, Defendants knew the False and Defamatory Statements and the defamatory meanings

and implications of the Statements were false and misleading, acted with reckless disregard for the truth of the Statements by publishing the Statements without making any effort to verify or confirm their accuracy, and published the Statements with actual malice and with an intent to profit from Full Sail's goodwill and reputation. Defendants intended to injure and have injured Full Sail's reputation by publishing these Statements.

20.    As a direct and proximate result of the publication of the False and Defamatory Statements by the Defendants, Full Sail has suffered substantial damages, including, but not limited to, pecuniary loss, and injury to reputation and goodwill.

21.    Further, because the False and Defamatory Statements impute conduct, characteristics, or a condition incompatible with the proper exercise of Full Sail's lawful business, the Statements are libelous and defamatory *per se*. As a result, Full Sail is presumed to be damaged by the Statements.

22.    The Statements are not privileged, and Full Sail did not consent to publication or dissemination of the Statements.

23.    All conditions precedent to the maintenance of this action have been performed, excused, or waived. Because Plaintiff is unable to learn the identity of the Defendants, the notice referenced in § 770.01 *Florida Statutes*, to the extent that it might apply to any of the Defendants, is excused or does not apply with respect to those Defendants.

## COUNT I
### (Defamation)

24.     Full Sail realleges the allegations set forth in Paragraphs 1-23 herein.

25.     This is an action against John Doe Defendants seeking injunctive relief and monetary damages.

26.     Defendants made and published the False and Defamatory Statements of and concerning Full Sail over the internet to third parties throughout the world.

27.     Defendants knew that the False and Defamatory Statements were false and acted with reckless disregard for the truth of the Statements, and with actual malice and intent to injure Full Sail's reputation.

28.     As a direct and proximate result of the publication of the False and Defamatory Statements by the Defendants, Full Sail has suffered substantial damages, including, but not limited to, pecuniary loss and injury to its reputation.

29.     Moreover, because the False and Defamatory Statements impute conduct, characteristics, or a condition incompatible with the proper exercise of Full Sail's lawful business, they are libelous and defamatory *per se*, and Full Sail is presumed to be damaged by the Statements.

WHEREFORE, Full Sail demands judgment against Defendants, John Does No. 1-10, for injunctive relief, including the removal of the False and Defamatory Statements from the internet, as well as damages, costs, and interest, and any other relief the Court deems appropriate.

## COUNT II
### (Unfair Competition under 15 U.S.C. §1125(a)(1)(B))

30.     Full Sail realleges the allegations set forth in Paragraphs 1-23 herein.

31.     Defendants published false and misleading representations of fact about Full Sail's products and services, in connection with the commercial promotion of Defendants' services. On information and belief, Defendants published the False and Defamatory Statements to draw traffic and viewers to Defendants' Website, which allows Defendants to generate greater advertising revenue by selling advertising on the Website. As is evident from **Exhibit "A,"** multiple third parties have advertised their goods or services on the Website.

32.     The False and Defamatory Statements were published on Defendants' Deceptive Website, a purported news and information service, and were viewable by Full Sail's current and prospective students and faculty, and by consumers throughout the world.

33.     The False and Defamatory Statements were material, in that the Statements are likely to influence current and prospective students and faculty, and prospective employers of Full Sail students, to reconsider or terminate their relationships with Full Sail.

34.     The False and Defamatory Statements actually deceived current and prospective students, faculty, and staff, upon information and belief, or at a minimum, had the tendency to deceive and confuse a substantial segment of those individuals to incorrectly believe that Full Sail is involved in multiple litigations over its alleged

"fraud" and "false advertising practices."

35.    Defendants placed the False and Defamatory Statements in commerce via the internet, as the false information is accessible to and viewable by any internet user throughout the world.

36.    As a result of Defendants' conduct, Full Sail has been and will continue to be injured by damage to its goodwill associated with its services and products, and the potential diversion of its students, faculty, and professional connections to its competitors.

WHEREFORE, Full Sail demands judgment against Defendants, John Does No. 1-10, for injunctive relief, damages, costs, and interest, and any other relief the Court deems appropriate.

Respectfully submitted this 2nd day of May 2022.

**GREENBERG TRAURIG, P.A.**
Gregory W. Herbert, Esquire
Florida Bar No. 0111510
Savannah Young, Esquire
Florida Bar No. 1031408
450 South Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone: (407) 420-1000
Facsimile: (407) 841-1295
Email:        herbertg@gtlaw.com
                youngsa@gtlaw.com


**s/Gregory W. Herbert**
Gregory W. Herbert, Esq.